# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

In Re:

CHARLES L. DAVIES,                                                    Case No. 08-MISC-7

         Movant.

_____

## ORDER

In an order dated February 4, 2008, the court denied Charles L. Davies's motion for an extension of time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In denying Davies's motion, the court noted that Davies did not provide any information about the conviction he seeks to challenge, and concluded that Davies did not demonstrate that any extension was warranted.

On February 11, 2008, Davies filed a motion for reconsideration and clarification of his request. Davies states that his motion was misconstrued as an extension of time to file a petition pursuant to 28 U.S.C. § 2254. He states that he seeks an extension of time to file a petition pursuant to the "All Writs Act," 28 U.S.C. § 1651. Davies states that he seeks to raise in this petition constitutional claims challenging his 1997 conviction of three counts of first degree sexual assault of a child. Davies's alleges that the statute "he was convicted under is not a properly enacted statute under the Wisconsin Constitution, which makes that statute unconstitutional, and Mr. Davies's conviction under it non and void." (Mot. for Recons. ¶ 2.)

This is not the first time Davies seeks to challenge his 1997 state court conviction. On November 16, 1998, Davies filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging this conviction. His petition was denied and the decision of the district court dismissing his petition was affirmed by the U.S. Court of Appeals for the Seventh Circuit. *See Davies v. McCaughtry*, Case No. 97-CV-1121 (E.D. Wis. June 30, 1999). Title 28 U.S.C. § 2244(b)(3)(A) requires a petitioner to secure authorization from the court of appeals before filing a second or successive habeas petition in the district court. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Seventh Circuit has consistently held that the substance of a prisoner's motion, not its caption, determines the source of authority for relief, and "every collateral attack by a state prisoner on a final judgment of conviction necessarily depends on § 2254." *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000). Therefore, although Davies states that he seeks an extension of time to file a petition pursuant to the "All Writs Act," 28 U.S.C. § 1651, the petition he seeks to file is nothing short of a successive collateral attack. Because Davies has already litigated a § 2254 motion and he did not obtain permission to file a successive collateral attack from the Seventh Circuit, any petition filed in this court must necessarily be dismissed for lack of jurisdiction. *See Nunez*, 96 F.3d at 991. Given that no extension of time would cure the jurisdictional defects attendant to Davies's future filings, his motion for reconsideration of the denial of his motion for an extension of time will be denied.

Accordingly,

**IT IS ORDERED** that the motion for reconsideration (Docket # 3) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge